UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

PHILIP CAFFREY and MAUREEN CAFFREY,                    Index No.: 07 CV 3068
                                                        Judge Stanton
                                    Plaintiffs,

            -against-                                   **VERIFIED ANSWER**
                                                        **TO COMPLAINT**

FITZPATRICK GRAND CENTRAL HOTEL
DEVELOPMENT, L.L.C., FITZPATRICK GRAND
CENTRAL HOTEL, L.L.C. and FITZPATRICK
HOTEL CORP.,

                                    Defendants.
-----------------------------------------------------------------------X

The defendant, FITZPATRICK GRAND CENTRAL HOTEL, L.L.C., by its attorneys, AHMUTY, DEMERS & McMANUS, ESQS., as and for its Verified Answer to plaintiff's Complaint, alleges upon information and belief:

## I.      <u>JURISDICTION</u>

FIRST.          Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "1" of the Complaint and respectfully refers all questions of law to this Honorable Court.

## II.      <u>PARTIES</u>

SECOND.          Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "2" of the Complaint and respectfully refers all questions of law to this Honorable Court.

THIRD.          Denies upon information and belief each and every allegation contained in paragraph designated "3" of the Complaint except admits FITZPATRICK GRAND HOTEL, L.L.C.

is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York with a location at 687 Lexington Avenue, New York, New York.

FOURTH.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "4" of the Complaint and respectfully refers all questions of law to this Honorable Court.

FIFTH.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "5" of the Complaint and respectfully refers all questions of law to this Honorable Court.

SIXTH.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "6" of the Complaint and respectfully refers all questions of law to this Honorable Court.

### III.    STATEMENT OF THE CLAIM

SEVENTH.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "7" of the Complaint and respectfully refers all questions of law to this Honorable Court.

EIGHTH.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "8" of the Complaint, begs leave to refer to all documents at the time of trial and respectfully refers all questions of law to this Honorable Court.

NINTH.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "9" of the Complaint, begs leave to refer to all documents at the time of trial and respectfully refers all questions of law to this Honorable Court.

TENTH.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "10" of the Complaint, begs leave to refer to all documents at the time of trial and respectfully refers all questions of law to this Honorable Court.

ELEVENTH.    Denies upon information and belief each and every allegation contained in paragraph designated "11" of the Complaint.

TWELFTH.    Denies upon information and belief each and every allegation contained in paragraph designated "12" of the Complaint and respectfully refers all questions of law to this Honorable Court.

THIRTEENTH.    Denies upon information and belief each and every allegation contained in paragraphs designated "13" of the Complaint and respectfully refers all questions of law to this Honorable Court.

FOURTEENTH.    Denies upon information and belief each and every allegation contained in paragraph designated "14" of the Complaint.

FIFTEENTH.    Denies upon information and belief each and every allegation contained in paragraph designated "15" of the Complaint and respectfully refers all questions of law to this Honorable Court.

## IV.    AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

SIXTEENTH.    Defendant repeats, reiterates and realleges each and every denial in answer to paragraphs designated "1" through "15," as if more specifically set forth in answer to paragraph designated "16" of the Complaint and each and every part thereof.

SEVENTEENTH.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "17" of the Complaint and respectfully refers all questions of law to this Honorable Court.

## V.     AS AND FOR AN ANSWER TO
## THE SECOND CAUSE OF ACTION

EIGHTEENTH.     Defendant repeats, reiterates and realleges each and every denial in answer to paragraphs designated "1" through "18," as if more specifically set forth in answer to paragraph designated "19" of the Complaint and each and every part thereof.

NINETEENTH.     Denies upon information and belief each and every allegation contained in paragraphs designated "19" of the Complaint and respectfully refers all questions of law to this Honorable Court.

## VI.     AS AND FOR AN ANSWER TO
## THE THIRD CAUSE OF ACTION

TWENTIETH.     Defendant repeats, reiterates and realleges each and every denial in answer to paragraphs designated "1" through "19," as if more specifically set forth in answer to paragraph designated "20" of the Complaint and each and every part thereof.

TWENTY-FIRST.     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "21" of the Complaint and respectfully refers all questions of law to this Honorable Court.

## VII.     AS AND FOR AN ANSWER TO
## THE FOURTH CAUSE OF ACTION

TWENTY-SECOND. Defendant repeats, reiterates and realleges each and every denial in answer to paragraphs designated "1" through "21," as if more specifically set forth in answer to paragraph designated "22" of the Complaint and each and every part thereof.

TWENTY-THIRD.    Denies upon information and belief each and every allegation contained in paragraph designated "23" of the Complaint.

### VIII.   AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-FOURTH.         That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of this answering defendant and this answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

### XI.       AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-FIFTH.    That there is no personal jurisdiction over the person of the answering defendant, there having been no proper service of process.

### X.       AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-SIXTH.         Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

TWENTY-SEVENTH.        If any damages are recoverable against said defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## XI.    AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH.        It is specifically pled that the plaintiff herein failed to mitigate damages as alleged in the Verified Complaint.

## XII.    AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-NINTH.    Pursuant to CPLR 1603, this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## XIII.   AS AND FOR A CROSS COMPLAINT OVER AND AGAINST THE CO-DEFENDANTS, FITZPATRICK GRAND CENTRAL HOTEL DEVELOPMENT, L.L.C. and FITZPATRICK HOTEL CORP., THIS DEFENDANT, FITZPATRICK GRAND CENTRAL HOTEL, L.L.C., ALLEGES UPON INFORMATION AND BELIEF:

THIRTIETH.        That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff's Complaint and in the manner alleged therein, through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the co-defendants, with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law and without any breaches or any negligence of this answering defendant contributing thereto; and if this answering defendant is found liable as to the plaintiff for the injuries and damages as set forth in the plaintiff's Complaint, then, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the said co-defendants herein will be liable over jointly and severally to this

answering defendant and bound to fully indemnify and hold this answering defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering defendants in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross complaint.

## XIV.   <u>PRAYER</u>

**WHEREFORE**, the defendant, FITZPATRICK GRAND CENTRAL HOTEL, L.L.C., demand judgment dismissing the plaintiff's Complaint on the merits; and if the plaintiff, is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident or damages and further demands judgment over and against the co-defendants on the cross claim, for the amount of any judgment obtained against this answering defendant by plaintiff or any other party or on the basis of the apportionment of responsibility in such amounts as a jury or Court may direct together with the costs, disbursements and expenses of this action including attorney's fees.

Dated: Albertson, New York
          May 23, 2007

                                          By: _____/S/_____
                                                MICHAEL J. RABUS, ESQ.
                                                AHMUTY, DEMERS & McMANUS, ESQS.
                                                Attorneys for Defendant
                                                ***FITZPATRICK GRAND CENTRAL***
                                                ***HOTEL, L.L.C.***
                                                200 I. U. Willets Road
                                                Albertson, New York 11507
                                                (212) 513-7788
                                                Our File No.: ZUS0522N7MJR

TO:

LAW OFFICES OF CRAIG P. MAURO
Attorneys for Plaintiff
45 Maple Place
Huntington, New York 11743
Attn.: Eden Fitzgibbons Mauro

**STATE OF NEW YORK)**
                              **:SS.:**
**COUNTY OF NEW YORK)**

    **MICHAEL J. RABUS**, being duly sworn, deposes and says:

    That he is a member of the law firm of AHMUTY, DEMERS & McMANUS, the attorneys for the defendant, FITZPATRICK GRAND CENTRAL HOTEL, L.L.C., in the above-entitled action; that he has read and knows the contents of the foregoing ***Verified Answer to Complaint*** and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters he believes to be true.

    Deponent further says that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by the defendant and papers and documents received by deponent from the defendant or its representative and which are now in his possession.

    Deponent further says that the reason why this verification is made by deponent and not by the defendant is that defendant is not within the County of New York, where deponent has his office.

                           _____/S/_____
                                   **MICHAEL J. RABUS**

Sworn Before Me This
24th day of May, 2007.

_____/S/_____
    NOTARY PUBLIC

# _AFFIDAVIT OF SERVICE BY MAIL_

**STATE OF NEW YORK    )**

**                              : SS.:**

**COUNTY OF NEW YORK)**


      LUZ M. VARGAS, being duly sworn deposes and says that deponent is not a party to this action is over 18 years of age and resides in Union City, New Jersey.

      That on the 12th day of June, 2007 deponent serve the within **_Verified Answer to Complaint_** upon:

LAW OFFICES OF CRAIG P. MAURO
Attorneys for Plaintiff
45 Maple Place
Huntington, New York 11743
Attn.: Eden Fitzgibbons Mauro


the attorneys for the respective party, hereto at the address designated by them for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                _____/S/_____
                       LUZ M. VARGAS

Sworn to before me on this
12th day of June, 2007.


_____/S/_____
    NOTARY PUBLIC

*Index No.: 07 CV 3068  Judge Stanton*

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*
===========================================
*PHILIP CAFFREY and MAUREEN CAFFREY,*

*Plaintiffs,*

*-against-*

*FITZPATRICK GRAND CENTRAL HOTEL DEVELOPMENT, L.L.C., FITZPATRICK GRAND CENTRAL HOTEL, L.L.C. and FITZPATRICK HOTEL CORP.,*

*Defendants.*

===========================================
*VERIFIED ANSWER TO COMPLAINT*
===========================================
*AHMUTY, DEMERS & McMANUS, ESQS.*
*Attorneys For Defendant*
*FITZPATRICK GRAND CENTRAL HOTEL, L.L.C.*
*200 I.U. Willets Road*
*Albertson, New York  11507*
*(516) 294-5433*
*Our File No.: ZUS0522N7MJR*
===========================================
*To: [See Affidavit of Service]*

*Attorney(s) for*
===========================================
*Service of a copy is hereby admitted.*

*Dated:   Albertson, New York*
*         May 23, 2007*